IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| E.N. Bisso & Son, Inc., ) | |
| ) | Civil Action No. |
|     Plaintiff, ) | |
| ) | |
| v. ) | IN ADMIRALTY |
| ) | |
| Bouchard Transportation Co., Inc., ) | |
| ) | |
|     Defendant, ) | |
| and ) | |
| ) | |
| Apex Oil Company, Inc. ) | |
| Bitumar USA, Inc. ) | |
| Sunoco, LLC ) | |
| Vitol Inc., ) | |
| ) | |
|     Garnishees. ) | |

**VERIFIED COMPLAINT WITH REQUEST
FOR ISSUE OF PROCESS OF
<u>MARITIME ATTACHMENT AND GARNISHMENT</u>**

Plaintiff E.N. Bisso & Son, Inc. ("E.N. Bisso") brings this action against defendant Bouchard Transport, Inc. ("Bouchard") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against the Garnishees and states as follows:

**<u>Jurisdiction and Venue</u>**

1.      This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2.      Venue is proper in this District because the Garnishees are located, can be found, and can be served with process in this District.

3. Venue is also proper in this District because Defendant's property is or soon will be in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

### The Parties

5. E.N. Bisso is a company located New Orleans, Louisiana. E.N. Bisso provides tug and related services to vessels.

6. Bouchard is a corporation organized under the laws of New York. Bouchard owns and operates tugs and ocean-going petroleum barges.

### Facts

7. Between June and November, 2019, E.N. Bisso provided tug services to Bouchard for several of its tugs and barges for which E.N. Bisso issued invoices.

8. E.N. Bisso's payment terms are Net 30, and are included on each invoice, including that "Invoices not paid within terms as outlined on this invoice are subject to 1.5% interest per month. If placed for collection with an attorney or collection service, a 25% fee will be assessed."

9. Bouchard has not paid any of the outstanding and overdue invoices issued by E.N. Bisso. To date, Bouchard owes E.N. contractual interest and collection fee and costs in the amount demanded herein.

### Count I – Breach of Maritime Contract

10. E.N. Bisso incorporates the above paragraphs as if fully set forth herein.

11. Bouchard breached its maritime contract with E.N. Bisso as set out above. Despite repeated demand, E.N. Bisso remains unpaid.

12.     E.N. Bisso therefore demands judgment, as set out more fully below.

## Count II: Maritime Attachment and Garnishment (Rule B)

13.     E.N. Bisso incorporates the above paragraphs as if specifically set forth herein.

14.     E.N. Bisso seeks issue of process of maritime attachment so that it may be paid the amount owed by Bouchard.

15.     No security for E.N. Bisso's claims has been posted by Bouchard or anyone acting on its behalf to date.

16.     Bouchard cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District, including but not limited to the named Garnishees.

## Prayer for Relief

WHEREFORE, E.N. Bisso prays:

A.      That in response to Count I, judgment be issued in favor of E.N. Bisso and against Bouchard for **$741,209.65**  (principal amount of at least $566,209.65, plus contractual interest, attorneys fees and costs of at least $175,000);.

B.      That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Bouchard's tangible or intangible property or any other funds held by any Garnishee, up to the amount of **$741,209.65**  plus a further $75,000 to provide for interest **(total $816,209.65)**, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

      C.      That this Court award E.N. Bisso such other and further relief that this Court deems just and proper.

Dated: December 23, 2019.

                              /s/ J. Stephen Simms  
                              J. Stephen Simms (#4269)  
                              Simms Showers LLP  
                              201 International Circle  
                              Baltimore, Maryland 21030  
                              Ph: 410-783-5795  
                              Fax 410-510-1789  
                              jssimms@simmsshowers.com

## **VERIFICATION**

I am a principal of Simms Showers LLP, counsel to E.N. Bisso. I certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District, and of the Maryland Secretary of State. There is no record of any general or resident agent authorized to accept service of process for Bouchard Transportation Company, Inc. in this District. No officer of E.N. Bisso is present in this District to make this declaration, which E.N. Bisso has authorized me to make on its behalf based on facts including documents received from E.N. Bisso. The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of E.N. Bisso.

                Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury that the foregoing is true and correct.

                              Executed on December 23, 2019.

                              /s/ J. Stephen Simms

                              J. Stephen Simms