**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| E.N. BISSO & SON, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. SAG-19-3629 |
| | * | |
| BOUCHARD TRANSPORTATION | * | |
| COMPANY, INC., | * | IN ADMIRALTY |
| | * | |
| Defendant, and | * | |
| | * | |
| APEX OIL COMPANY, INC., *et al.*, | * | |
| | * | |
| Garnishees. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On December 23, 2019, Plaintiff E.N. Bisso & Son, Inc. ("E.N. Bisso") filed a Verified Complaint with Request for Issue of Process of Maritime Attachment and Garnishment ("the Verified Complaint") against Defendant Bouchard Transportation Company, Inc. ("Bouchard"). ECF 1.  The Verified Complaint, in its case caption, named four Garnishees:  Apex Oil Company, Inc.; Bitumar USA, Inc.; Sunoco, LLC; and Vitol Inc.  *Id.*  Also on December 23, 2019, E.N. Bisso filed a Motion for Order Authorizing Issuance of Process of Maritime Attachment and Garnishment *ex parte*, ECF 3, and a Motion for Appointment for Service of Process of Maritime Attachment and Garnishment, ECF 4 (collectively, "the Motions").  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2018).  For the reasons stated below, Plaintiff's Motions will be denied without prejudice.

E.N. Bisso brings this *quasi in rem* action under the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333.  ECF 1, ¶ 1.  E.N. Bisso, located in New Orleans, Louisiana, is a company

that "provides tug and related services to vessels." *Id.* ¶ 5.  Bouchard is a New York corporation

that "owns and operates tugs and ocean-going petroleum barges." *Id.* ¶ 6.  E.N. Bisso's Verified

Complaint seeks to recover damages stemming from several contracts allegedly executed between

June and November, 2019 that Bouchard, to date, has not paid on.  ECF 1, ¶¶ 7-12.  In total, E.N.

Bisso seeks $816,209.65 in compensatory damages and "interest" from Bouchard.  *Id.* ¶¶ (A)-(B).

Of particular relevance here, Count II of the Verified Complaint seeks an order of attachment and

garnishment of "property and/or assets in this jurisdiction consisting of cash, funds, freight, hire,

and/or credits in the hands of Garnishees in this District, including but not limited to the named

Garnishees." *Id.* ¶ 16.  E.N. Bisso bases this Court's personal jurisdiction over Bouchard upon the

garnishment of Bouchard assets currently held by the Garnishees in this District, because Bouchard

"cannot be found in this District." *Id.* ¶¶ 2-4.

Rules B and E of the Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions govern the attachment and garnishment of assets in maritime or admiralty

actions:

> If a defendant is not found within the district when a verified complaint praying for
> attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint
> may contain a prayer for process to attach the defendant's tangible or intangible
> personal property—up to the amount sued for—in the hands of garnishees named
> in the process.

Fed. R. Civ. P. Supp. R. B(1)(a).  If the Court orders attachment, then "any person claiming an

interest in [the property] shall be entitled to a prompt hearing at which the plaintiff shall be required

to show why the arrest or attachment should not be vacated." Fed. R. Civ. P. Supp. R. E(4)(f).

These procedures allow maritime plaintiffs to assert claims against a defendant "over whom the

court does not (otherwise) have personal jurisdiction, by seizing property of the defendant (alleged

to be in the hands of a third party)." *DS-Rendite Fonds Nr. 108 VLCC Ashna GmbH & Co*

*Tankschiff KG v. Essar Capital Ams., Inc.*, 882 F.3d 44, 47 (2d Cir. 2018); *accord Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 421 (5th Cir. 2001).  Any plaintiff seeking an initial *ex parte* order of attachment or garnishment bears the burden of establishing the right to attachment.  *Icon Amazing, LLC v. Amazing Shipping, Ltd.*, 951 F. Supp. 2d 909, 915 (S.D. Tex. 2013) (citing *Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006)); *DS-Rendite*, 882 F.3d at 48.  Ultimately, the decision to grant or deny a motion for order of attachment rests in the trial court's discretion.  *See DS-Rendite*, 882 F.3d at 48, 51.

Supplemental Rule B(1)(b) provides that upon a request for attachment or garnishment, the Court must review the Verified Complaint and accompanying affidavit "and, if the conditions of this Rule B appear to exist," it must enter an order authorizing the attachment and garnishment. Rule B does not, however, explicitly provide what level of specificity the Verified Complaint and accompanying affidavit's allegations must meet.   While the Fourth Circuit, to this Court's knowledge, has not answered this question, the Second Circuit recently addressed this issue in *DS-Rendite*.[1]

Generally, Rule B's pleading requirements "are said to be easily met."  *DS-Rendite*, 882 F.3d at 49.  Courts traditionally would only refuse to order attachment in two general instances: (1) in cases "where the attachment and garnishment is 'served before the garnishee comes into possession of the property'"; and (2) where the garnishee is not indebted to the defendant at the time garnishment is ordered.  *Id.* (citations omitted).  However, after surveying a number of recent

---

[1] Case law from the Second Circuit is particularly persuasive on this issue, as this Court has often looked to the Second Circuit for guidance on admiralty law issues.  *See, e.g.*, *Evridiki Navigation, Inc. v. Sanko S.S. Co.*, 880 F. Supp. 2d 666 (D. Md. 2012) (relying exclusively on Second Circuit case law); *Woodlands, Ltd. v. Westwood Ins. Co.*, 965 F. Supp. 13 (D. Md. 1997) (relying almost exclusively on Second Circuit case law); *see also Emerald Equip. Leasing, Inc. v. Sea Star Line, LLC*, No. L-09-2808, 2009 WL 4061752, at *1 (D. Md. Nov. 20, 2009) (noting that the Second Circuit is "traditionally responsible for a large number of admiralty cases").

attachment cases, the Second Circuit found that courts now require "a minimal specificity of factual allegations identifying the defendant's property to be attached before issuing Rule B attachments and holding Rule E hearings." *Id.* at 49-50.   In other words, plaintiffs seeking attachment must satisfy the *Twombly-Iqbal* standard in identifying the property to be attached under Rule B – they must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).   Requiring these additional factual allegations allows the Court to ensure that maritime plaintiffs are not abusing the unique tools afforded to them to vindicate their claims.  *See Maersk, Inc. v. Neewra, Inc.*, 443 F. Supp. 2d 519, 527 (S.D.N.Y. 2006) ("The ease with which a prima facie case for attachment can be made . . . creates a real risk of abusive use of the maritime remedy.").    Thus, to demonstrate entitlement to attachment of a garnishee's assets, the Second Circuit held that a plaintiff must plausibly allege that the garnishee possesses identifiable property of the defendant.  *Id.* at 50.  To make this showing, the plaintiff must provide sufficient factual allegations "either as to the nature of the business relationship between the garnishee(s) and the defendant and/or the nature of the defendant's property subject to the attachment."

Applying this standard, the Second Circuit in *DS-Rendite* affirmed the trial court's denial of the plaintiff's motion for order of attachment, because the plaintiff's complaint merely alleged that "[e]ach of the Garnishees, on information and belief, holds property of [the defendants]," and that those funds the garnishees held were "due and owing to Defendants."  882 F.3d at 50-51.  The Second Circuit found that the complaint's allegations were merely "conclusory," and insufficient to establish why any one of the six companies listed as garnishees would hold property of the defendants, or why the property would be within the forum court's district.  *Id.* at 51.  Other courts considering similar complaints have reached similar conclusions.  *See, e.g.*, *Marco Polo Shipping*

*Co. v. Supakit Prods. Co.*, 2009 A.M.C. 639, 639 (S.D.N.Y. 2009) (rejecting the notion that any potential for a defendant to transfer funds through the a bank in the forum court's district satisfies the Rule B attachment showing; instead, the plaintiff must allege "enough facts to render it plausible that the defendant's funds will be present in the district at some future time"); *DBCN v. Enersur S.A.*, No. 09 Civ. 8359 (RJS), 2009 WL 3254447, at *2 (S.D.N.Y Oct. 9, 2009) (finding that a plaintiff failed to establish a plausible entitlement to attachment based on the allegation that it was "anticipated and expected" that the defendants would have property in the forum court's district, without any further elaboration or support).

E.N. Bisso's Motion for Order of Attachment and Garnishment finds a similar fate.  Here, the Verified Complaint broadly alleges that each Garnishee is "located, can be found, and can be served with process in this District," but does not allege whether each Garnishee has a resident agent appointed for service of process in this District.  ECF 1, ¶ 2.  More concerning, the Verified Complaint contains only one allegation regarding the Garnishees' possession of Bouchard's assets: "Bouchard . . . is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District, including but not limited to the named Garnishees."  *Id.* ¶ 16.  E.N. Bisso's Memorandum in Support of the Motion adds that each Garnishee "do[es] business with Bouchard," but otherwise only provides conclusory statements that E.N. Bisso has sufficiently alleged its entitlement to an order of attachment.  ECF 3-1 at 2-3.[2]

These allegations are insufficient in a number of ways.  E.N. Bisso has not plausibly shown, through factual allegations, that the Garnishees and Bouchard are engaged in any commercial

---

[2] This, of course, assumes *arguendo* that the Court can consider factual allegations that are contained in the Motion, but not in the Verified Complaint.

ventures or other business relationships.  *See DS-Rendite*, 882 F.3d at 51.  Nor has E.N. Bisso

plausibly demonstrated "why any one of those [four] companies would hold property of

[Bouchard]." *Id.*  Further, while the deficient complaint in *DS-Rendite* narrowed the category of

property to funds "due and owing to Defendants," *id.*, here E.N. Bisso makes no effort to narrow

the scope of property potentially at issue, naming "cash, funds, freight, hire, and/or credits" all as

property that could be attached, ECF 1, ¶ 16.  A Rule E hearing on E.N. Bisso's current Verified

Complaint "would have no focus and be little more than a prolonged fishing expedition." *Id.*

Accordingly, this Court cannot find that E.N. Bisso has met its burden to plausibly establish that

any named Garnishee is in possession of identifiable property of Bouchard, due to a sheer lack of

factual allegations regarding any Garnishee's business relationship with Bouchard, or regarding

the nature of Bouchard's property allegedly in any Garnishee's possession.

Therefore, for the reasons stated above, E.N. Bisso's Motion for Order Authorizing

Issuance of Process of Maritime Attachment and Garnishment, ECF 3, is DENIED WITHOUT

PREJUDICE.   E.N. Bisso's Motion for Appointment for Service of Process of Maritime

Attachment and Garnishment, ECF 4, is likewise DENIED WITHOUT PREJUDICE.  If E.N.

Bisso wishes to continue seeking attachment of Bouchard assets, it may file an Amended Verified

Complaint and refile its Motions.


Dated:  December 26, 2019                                        _____/s/_____
                                                                Stephanie A. Gallagher
                                                                United States District Judge